COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


RICHMOND MOTOR COMPANY
AND
VADA GROUP SELF-INSURANCE ASSOCIATION          MEMORANDUM OPINION[*]
                                                   PER CURIAM
v.   Record No. 1674-95-2                     DECEMBER 29, 1995

MICHAEL J. DAVIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
               (William B. Pierce, Jr.; William F. Karn; Williams &
               Pierce, on brief), for appellants.

               (Andrew J. Reinhardt; Kerns, Kastenbaum & Reinhardt,
               on brief), for appellee.


     Richmond Motor Company and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that employer failed to

prove that Michael J. Davis was able to return to his pre-injury

work.  Upon reviewing the record and the briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

'[i]n an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that the employer's evidence proved that Davis was able to carry out all of the duties of his pre-injury work, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission's findings are supported by the February 7, 1995 report of Dr. Bernard A. Lublin, Davis' treating physician. Dr. Lublin never released Davis to his pre-injury work without restrictions. On February 7, 1995, Dr. Lublin recorded Davis' complaints of left shoulder, right lumbar, and right lower extremity pain. Dr. Lublin scheduled Davis for an MRI of his cervical spine and for a neurological evaluation with EMG of the left arm. Dr. Lublin planned to see Davis after these studies.

The commission, in its role as fact finder, was entitled to give little weight to the December 28, 1994 physical capabilities form completed by Dr. J.K. Wilson and relied upon by employer. Employer did not present any other medical records from Dr. Wilson supporting his conclusion that Davis could return to his pre-injury work. In addition, employer did not show that Dr. Wilson was aware of the requirements of Davis' pre-injury work. Moreover, Dr. Wilson did not complete significant portions of the

2

form.

Based upon this record, we cannot conclude as a matter of law that employer's evidence sustained its burden of proving that Davis was able to return to his pre-injury work as of December 28, 1994. Accordingly, we affirm the commission's decision.

<u>Affirmed</u>.